IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02603-RPM

WILLIAM LOPEZ,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, and UNITED FIRE AND CASUALTY COMPANY, an Iowa Corporation,

    Defendants.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND MOTIONS FOR PARTIAL SUMMARY JUDGMENT

    The plaintiff William Lopez ("Lopez") filed a complaint seeking declaratory relief/reformation and damages against the defendants American Family Mutual Insurance Company ("American Family") and United Fire and Casualty Company ("United Fire"), alleging these defendants failed to make a compliant offer of optional enhanced personal injury protection ("PIP") coverage, as required under the Colorado Auto Accident Reparations Act ("CAARA") as it existed during the relevant time periods. United Fire and American Family moved for summary judgment of dismissal of Lopez's claims, and a determination that their respective policies are subject to an aggregate cap of $200,000 as to enhanced PIP benefits. United Fire also moved for a determination that its policy is reformed to provide enhanced PIP coverage as of October 14, 2005 while American Family also moved for a determination that it did not violate C.R.S § 10-4-706(4)(a). Lopez moved for partial summary judgment in his favor on his claims for declaratory

relief and breach of contract.

On September 17, 2002, Lopez was injured when he fell from a garbage truck during the course and scope of his employment with Pueblo Sanitation. At the time of Lopez's accident, Pueblo Sanitation had workers' compensation insurance through Pinnacol Assurance and automobile insurance which covered the garbage truck through United Fire, Policy No. 60-043 521. Lopez had automobile insurance through American Family, Policy No. 0614-7718-05-99-FPPA-CO. Both automobile policies contained basic PIP coverage.

Pinnacol Assurance paid Lopez workers' compensation benefits, which offset corresponding PIP benefits to which Lopez might otherwise be entitled under United Fire's or American Family's policy. American Family's PIP coverage is excess of PIP coverage provided by United Fire. Lopez stipulated that his compensable losses will not approach $200,000 and he will not seek PIP medical expenses and loss of income benefits exceeding that amount.

United Fire admitted it cannot establish that Pueblo Sanitation, its insured, was ever offered enhanced PIP. It voluntarily reformed its policy to provide enhanced PIP benefits, effective October 14, 2005 and subject to an aggregate cap of $200,000. Although United Fire seeks a determination that its policy is subject to this aggregate limitation, whether this limitation applies to its policy is moot in light of Lopez's stipulation as to his compensable losses.

Under the facts and circumstances of this case, United Fire's policy should be reformed to provide enhanced PIP benefits as of the date of its issuance, and not October 14, 2005, the date in which United Fire stated it first received notice of a claim. Although United Fire's failure to pay enhanced PIP benefits from the date of the accident is a breach of the insurance policy, Lopez has failed to show support for a claim of bad faith.

American Family admitted that at the time Lopez's policy incepted in 1996, it did not have available for purchase optional PIP coverage provided under C.R.S. § 10-4-710(2)(a)(II). Although American Family voluntarily reformed its policy to provide enhanced PIP benefits, subject to an aggregate cap of $200,000, under *DiCocco v. National Gen. Ins. Co.,* 140 P.3d 314 (Colo.App. 2006), damages claims against American Family, as excess insurer, are not ripe if it has not yet been determined that the insured's losses exceed the primary policy limits. Similarly, a declaratory judgment claim regarding coverage against American Family is not ripe unless the plaintiff, Lopez, can show that it is reasonably likely that coverage under the excess policy will be triggered. Under the facts of this case, Lopez's case against American Family is not ripe. Indeed, in light of Lopez's concession that his damages will not exceed $200,000, and the ruling that United Fire is liable for enhanced PIP benefits from the date of Lopez's accident, coverage will not be triggered under American Family's policy. Therefore, it is

ORDERED that United Fire and Casualty Insurance Company's Policy No. 60-043 521 issued to Pueblo Sanitation is reformed to provide enhanced PIP benefits to William Lopez as of the date of that policy's issuance, a date before September 17, 2002. William Lopez's motion for partial summary judgment against United Fire [Doc. #21] on his breach of contract claim is granted and United Fire's motion for summary judgment [Doc.#23] of dismissal of the breach of contract claim and for declaratory relief as to the date of reformation are denied on the basis that enhanced PIP benefits were owed as of September 18, 2002 but were not paid by United Fire. It is

FURTHER ORDERED that United Fire's motion for summary judgment [Doc. #23] is granted as to the requested dismissal of William Lopez's bad faith claims but denied as moot on United Fire's counterclaim for declaratory relief as to the aggregate limits of enhanced PIP benefits under its policy.  It is

FURTHER ORDERED that on or before January 26, 2007, William Lopez and United Fire shall file a stipulation as to the amount of enhanced PIP benefits to which William Lopez is still entitled under the United Fire policy, offset by any applicable workers' compensation benefits received by William Lopez, or file a notice that an agreement cannot be reached and to set this matter for trial.  It is

FURTHER ORDERED that William Lopez's claims against American Family Mutual Insurance Company are dismissed as not ripe and American Family's motion for summary judgment [Doc. #19] is granted and William Lopez's motion for partial summary judgment against American Family [Doc. #22] is denied on that basis.

DATED: November 27th , 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge