UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02603-RPM

WILLIAM LOPEZ,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, and
UNITED FIRE AND CASUALTY COMPANY, an Iowa Corporation,

    Defendants.

ORDER DENYING MOTION FOR ATTORNEY FEES

    The complaint initiating this civil action alleged that neither American Family Mutual Insurance Company nor United Fire and Casualty Company complied with Colorado law then in effect in offering "enhanced benefits" to their respective insureds, William Lopez and Pueblo Sanitation, Inc., thereby requiring the policies to be reformed to reflect such coverage from the dates of issuance of the policies. In its amended answer United Fire admitted that it could not prove that an offer of enhanced PIP was made to its insured and as a result the plaintiff was entitled to such benefits under applicable Colorado law up to an aggregate of $200,000.

    At the scheduling conference held on February 16, 2006, it was agreed that the only issues to be decided between the plaintiff and United Fire were whether the reformation was to be as of the date of issuance of the policy or the date on which United Fire first received notice of the claim, and whether there was an aggregate limit of liability of $200,000 under the policy. United Fire had already voluntarily reformed its policy to provide enhanced PIP benefits from the

date it received notice of a claim.

The plaintiff later conceded in papers filed that his compensable losses did not exceed $200,000, so the issue determined was the date of reformation, which was decided in favor of the plaintiff by this court's order on summary judgment entered on November 27, 2006. The parties have since agreed on the amounts due and payment has been made.

On April 9, 2007, the plaintiff moved for an award of attorney fees under C.R.S. § 10-4-708(1.7)(a):

Prompt payment of direct benefits.

(1) Payment of benefits under the coverages enumerated in section 10-4- 706(1)(b) to (1)(e) or alternatively, as applicable, section 10-4-706(2) or (3) shall be made on a monthly basis. Benefits for any period are overdue if not paid within thirty days after the insurer receives reasonable proof of the fact and amount of expenses incurred during that period; except that an insurer may accumulate claims for periods not exceeding one month, and benefits are not overdue if paid within fifteen days after the period of accumulation. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within thirty days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within thirty days after such proof is received by the insurer. In the event that the insurer fails to pay such benefits when due, the person entitled to such benefits may bring an action in contract to recover the same.

\*\*\*

(1.5) If a dispute arises under subsection (1) of this section, the insured or the injured person entitled to benefits and the insurer may agree to resolve the dispute through binding arbitration. In the absence of another agreement by the parties, such arbitration shall be conducted pursuant to the rules promulgated by the commissioner in accordance with subsection (1.9) of this section. If there is no agreement concerning binding arbitration, the insured, the injured person entitled to benefits, or the insurer may bring an action in contract in the appropriate court to resolve the dispute. . . .

\* \* \*

> (1.7)(a) At least twenty days prior to the commencement of the proceeding the party claiming the benefits shall set forth the amount claimed and in controversy in a separate document entitled "Notice to insurer of amount claimed", which shall include no more than those amounts the insured claims are denied or not timely paid by the insurer. The notice shall also specify the amount, if any, claimed for attorney fees. The notice shall be served on all parties no later than twenty days prior to the commencement of the arbitration hearing or trial, and shall be served in the manner set forth in rules promulgated by the commissioner of insurance. If such notice is not timely served, there shall be no award of attorney fees to the person claiming benefits, unless the arbitrator or court determines that the failure was the result of excusable neglect, in which case the arbitration or trial shall be continued to a date at least twenty days after the notice is filed. . . .
>
> * * *
>
> (c) In determining the amount of attorney fees, if any, to be awarded to the insured the arbitrator or court shall consider the following:
>
> (I) The award of attorney fees to the insured shall be in direct proportion to the degree by which the insured was successful in the proceeding. The determination of the degree of the insured's success shall be based upon a comparison of the amount of benefits set forth in the notice of amount of benefits claimed and the amount of benefits recovered in the proceeding. The percentage resulting from this comparison shall be the degree by which the insured was successful.

United Fire opposed the motion, arguing that Mr. Lopez failed to provide the "Notice to insurer of amount claimed," a condition precedent to an award of attorney fees. In his reply, the plaintiff argues that such notice is not required until 20 days before trial and because there was no trial in this case, the notice requirement is not applicable. There is a more fundamental reason why the notice requirement and, indeed, the entire attorney fees statute, is not applicable.

C.R.S. § 10-4-708 provides for the recovery of attorney fees where the insured successfully brings a proceeding based on the contention that he or she properly submitted claims for payment but the insurer failed to make prompt payment of such direct benefits claimed when they were due. *See Adams v. Farmers Ins. Group,* 983 P.2d 797 (Colo. 1999). In this case, the plaintiffs' claims against United Fire were premised on its alleged failure to properly offer

3

enhanced PIP benefits under C.R.S. § 10-4-710 as it existed during the applicable time period, thereby requiring a reformation of United Fire's policy to include such benefits and, consequently, the entitlement to payment of enhanced PIP benefits. The failure of United Fire to establish compliance with C.R.S. § 10-4-710 was the basis for its liability, not the failure to comply with C.R.S. § 10-4-708. The statutory mechanism for the payment of enhanced PIP benefits was not applicable until the policy was reformed to include enhanced PIP benefits, the very purpose of this litigation. There was no breach of the contract as the policy was written.

Having concluded that the statutory requirement for payment of attorney fees is inapplicable to this case, it is

ORDERED that the motion is denied.

DATED:  May 16, 2007

BY THE COURT:

s/ Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge